# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MATTHEW D. DANIELS ) | |
| JACLYN E. DANIELS, ) | |
| ) | Bankruptcy No. 20-01054 |
| Debtors. ) | |

## RULING ON MOTION FOR RELIEF FROM STAY

This matter came before the Court by evidentiary hearing in Sioux City, Iowa on March 4, 2021. Scott L. Bixenman appeared for Debtors Matthew D. Daniels ("Mr. Daniels") and Jaclyn E. Daniels (collectively "Debtors"). Brian K. Van Engen appeared for Creditor Bradley J. Van Grootheest ("Van Grootheest"). Wil L. Forker appeared for himself as the Chapter 7 Trustee ("Trustee"). The Court received exhibits, heard argument, and allowed post-trial briefing. All papers have been submitted and the case is ready for decision. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## STATEMENT OF THE CASE

Van Grootheest is the holder of a mortgage securing Debtors' indebtedness of more than $162,687.28 under an alleged promissory note. Van Grootheest possesses neither the original, nor a copy of the alleged promissory note. That issue notwithstanding, Van Grootheest moves the Court to lift the automatic stay

and declare the property, which he asserts is subject to the mortgage, abandoned from the estate.  Debtors and the Trustee argue that Van Grootheest's failure to produce a signed promissory note is fatal to his case and the mortgage is rendered unenforceable for lack of consideration.  The Court disagrees.  For the reasons that follow, Van Grootheest's Motion is granted.

## FINDINGS OF FACT

Debtors own real property known by street address as 2574 Kennedy Ave., George, IA 51237 (the "Property").  Van Grootheest—Mr. Daniels' former employer and business partner—financed Debtors' purchase of the Property.  In exchange, Debtors executed a five-page mortgage (the "Mortgage") in favor of Van Grootheest.  (Ex. 1).  The Mortgage was to serve as security for a contemporaneously executed promissory note evincing the loan from Van Grootheest to Debtors.

Van Grootheest received the Mortgage, a proposed promissory note (the "Note"), and an amortization schedule (the "Schedule") from an attorney of the Debtors' choosing in July 2008.  (Ex. 3).  The details of the transaction are described, to varying degrees, across the three documents.  Van Grootheest supplied Debtors with a loan of $82,023.00.  (Id.).  The loan was used to purchase the Property—described by legal name.  (Id.).  They agreed to repayment by 360

monthly payments of $545.70 at an annual interest rate of 7% and default rate of 10%.  (Id.).

Van Grootheest was advised by counsel to have the Debtors sign the Note, and to have their signatures on the Mortgage notarized before filing it in the Office of the Lyon County Recorder.  Van Grootheest testified that the documents were given to the Debtors, but he could not recall when or where that took place.  He likewise could not recall when, where, or how the documents were signed—or if he was present at the time.  Nevertheless, Van Grootheest insists the Debtors signed both the Mortgage and the Note.

A signed copy of the Mortgage was submitted into evidence.  (Ex. 1).  The Mortgage was signed before a notary public on October 3, 2008 and recorded in the Office of the Lyon County Recorder on July 17, 2017.  (Id.).  The Mortgage includes a legal description of the Property and states that it is a real estate mortgage securing a principal indebtedness of $82,023.00 under a promissory note bearing a maturity date of July 1, 2038.  (Id. at 2).  The Mortgage does not contain the date the promissory note was executed.

Van Grootheest testified that he had lost both the Mortgage and the Note at different points in time.  The extent to which the delay in recording was caused by his misplacing the Mortgage is unclear.  Nevertheless, while Van Grootheest eventually recovered and recorded the Mortgage, he never found the Note.

3

Ultimately, Debtors made twenty-four payments of the 360 payments to Van Grootheest. Those payments occurred sporadically between July 10, 2009 and July 23, 2012. Van Grootheest tracked the payments on a rolling basis in his checkbook and on Excel where he described them as "Rent." (Ex. 4). Van Grootheest testified that Mr. Daniels had other notes from time to time, and that the term "Rent" was used simply to indicate that these payments were related to the Property. Nineteen of the payments were for the amount referenced across the loan documents—$545.70. (Id.). The five remaining payments were for $545.75, $546.00, $550.00, and $1,091.40. (Id.).

Van Grootheest initiated foreclosure proceedings in the Iowa District Court for Lyon County on December 22, 2017. (Case No. EQCV501862). Debtors filed their Chapter 7 Petition on September 4, 2020. (ECF Doc. 1). The imposition of the automatic stay halted Van Grootheest's foreclosure efforts. On October 15, 2020, Van Grootheest filed this Motion for Relief from the Automatic Stay. (ECF Doc. 13).

Van Grootheest asserts that the Debtors have abandoned the Property. Van Grootheest testified that he has inspected the Property and that the house has been "totaled"—there are holes in the walls and the water lines had frozen. Van Grootheest further testified to his belief that the Property has been sold via tax sale. It has been nearly nine years since payments stopped, and Van Grootheest notes a

substantial amount of interest is owed.  Van Grootheest asserts that the estate lacks sufficient assets to cure the deficiency.  Thus, he moves the Court to lift the automatic stay and declare the Property abandoned from the estate under section 362(d) and section 554 of the Bankruptcy Code.

Debtors and the Trustee objected.  (ECF Docs. 16, 26).  Both objections rely, in large part, on the statute of frauds arguing the statute prevents Van Grootheest from proving an enforceable debt under the alleged promissory note.  They claim there is no proof because the promissory note is not signed.  Without an enforceable debt, they argue the Mortgage is unenforceable for lack of consideration.

## DISCUSSION

Debtors and the Trustee argue that Van Grootheest is not "a party in interest" for purposes of seeking and obtaining relief from the automatic stay because he cannot prove he has "a right to payment."

Section 362(d) of the Bankruptcy Code provides that "a party in interest" may seek relief from the automatic stay.  11 U.S.C. § 362(d) (2020).  Although the Bankruptcy Code does not define the term "a party in interest," a creditor is "a party in interest" for purposes of section 362(d).  <u>Bushnell v. Bank of the West</u> (<u>In re Bushnell</u>), 469 B.R. 306, 309 (B.A.P. 8th Cir. 2012).  Section 101(10) of the Bankruptcy Code defines the term "creditor" as an "entity that has a claim against

the debtor that arose at the time of or before the order for relief . . ." 11 U.S.C. § 101(10) (2020). Section 101(5)(B) includes in the definition of a "claim" as "**[a] right to an equitable remedy for breach of performance if such breach gives rise to a right to payment**, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5)(B) (emphasis added).

The question of whether Van Grootheest is a party in interest is tied directly to the merits of other issues raised here. For the reasons that follow, the Court concludes Van Grootheest is a creditor and a party in interest.

## I.  Statute of Frauds

Debtors and the Trustee argue Van Grootheest is not a party in interest because he cannot prove he has an enforceable contract. They argue the Iowa Statute of Frauds prevents him from proving an enforceable right to payment.

"The statute of frauds, which is no more than a rule of evidence, 'governs, not the validity of a contract, but only the manner in which one may be proven.'" Garland v. Branstad, 648 N.W.2d 65, 71 (Iowa 2002) (quoting Johnson v. Ward, 265 N.W.2d 746, 747–48 (Iowa 1978)). Iowa's statute of frauds provides, in relevant part:

> Except when otherwise specifically provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by the party's authorized agent:

> \* \* \* \*
>
> 3. Those for the creation or transfer of any interest in lands, except leases for a term not exceeding one year.
>
> 4. Those that are not to be performed within one year from the making thereof.

Iowa Code § 622.32 (2021). Debtors and the Trustee argue that any alleged promissory note falls within the statute of frauds. Debtors argue subsection (3) applies and the Trustee argues subsection (4) applies.

Subsection (3) bars evidence of an unsigned contract only to the extent the contract "**creates** or **transfers any interest in land.**" See Iowa Code § 622.32(3) (2021) (emphasis added). The contract at issue is a promissory note. A promissory note is merely an instrument evincing one party's promise to pay. Jenckes v. Rice, 93 N.W. 384, 385 (Iowa 1903) ("A promissory note is an unconditional written promise to pay absolutely and at all events a sum certain in money"). Although regularly coupled with a real estate mortgage—an instrument which **does** create an interest in land in the hands of the mortgagee—a promissory note itself **neither creates nor transfers any interest in land**. Id. Accordingly, subsection (3) does not apply.

Subsection (4) bars evidence of an unsigned contract if the contract **cannot "be performed within one year" of its making.** See Iowa Code § 622.32(4) (2021) (emphasis added). The Iowa Supreme Court has explained:

> In deciding whether a particular . . . contract is governed by section 622.32(4), the question is not whether performance must actually be completed within a year but **whether it would be possible** to perform the contract within that time frame. Put another way, contracts of uncertain duration are simply excluded; **the provision covers only those contracts whose performance cannot possibly be completed within a year** . . . . Section 622.32(4) is narrowly applied to contracts that are **not capable under any circumstances** of being performed in one year.

<u>Harriott v. Tronvold</u>, 671 N.W.2d 417, 423 (Iowa 2003) (emphasis added) (citations, quotations and internal alterations omitted). Trustee argues that subsection (4) applies because performance under the Note, if accompanying the Mortgage, would presumably exceed one year. This argument is not availing. It overlooks the possibility—however unlikely—that performance **could** have been rendered within one year. <u>See</u> <u>Id</u>. Accordingly, subsection (4) does not apply.

The Iowa statute of frauds does not apply on the arguments raised here.

## II.   Exception to Statute of Frauds

The Schedules list payments received by Van Grootheest on account of the Note. The Schedule's repayment terms matched the terms of the Note—360 monthly payments of $545.70 monthly and to end on July 1, 2038. (Ex. 5). It is undisputed that Debtors made twenty-four payments to Van Grootheest. Nineteen of which were for the above-referenced $545.70 and the others were in similar amounts. (Ex. 4). Debtors offered no other credible explanation for these payments.

8

Even if the alleged Promissory Note fell within the statute of frauds (which it does not) the well-established exception to the statute of frauds for part performance applies here. Section 622.33 provides the part-performance exception. Iowa Code § 622.33 (2021). Iowa recognizes that partial performance of a contract by payment of a part of the purchase price and leaving the buyer in possession of land pursuant to an agreement of sale and purchase is sufficient to take the contract out of the statute of frauds. Id.; Recker v. Gustafson, 279 N.W.2d 744, 749–50 (Iowa 1979) (payment of money on promise to pay is part performance and removes case from statute of frauds). Here, Debtors made payments to Van Grootheest consistent with that of a mortgage and took possession of the property. Accordingly, Van Grootheest has proved the existence of "a right to payment" under the doctrine of partial performance and is therefore "a party in interest."

### III. Proof of Promissory Note

Van Grootheest also produced evidence sufficient to prove he is "a party in interest" because he has "a right to payment," despite the absence of a signed promissory note.

#### 1. Evidence Shows the Parties Entered into Promissory Note

The testimony from Van Grootheest in the record establishes the terms of the promissory note. He testified to the amount he provided in loans to Debtors,

the terms on which repayment was to be made, and what the actual agreement said. The Court accepts his testimony as credible and finds that it establishes the right to payment he claims.

### 2. Incorporation by Reference

The doctrine of incorporation by reference also applies here and establishes the existence and terms of the promissory note. "Iowa law recognizes the doctrine of incorporation by reference." Audino v. JPMorgan Chase Bank, N.A., 2017 U.S. Dist. LEXIS 112898, at *6–7 (S.D. Iowa June 27, 2017) (citing Hofmeyer v. Iowa Dist. Court, 640 N.W.2d 255, 228 (Iowa 2001) ("Under the doctrine of incorporation, one document becomes part of another separate document simply by reference as if the former is fully set out in the latter.")). "Where a writing refers to another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing." Hofmeyer, 640 N.W.2d at 228. Iowa law requires a **clear and specific reference** to incorporate an extrinsic document by reference. Kurt v. Reams, 2004 Iowa App. LEXIS 664, at *6 (Ct. App. Apr. 28, 2004) (citing Kokjohn v. Harrington (In re Estate of Kokjohn), 531 N.W.2d 99, 101 (Iowa 1995)).

The Court finds that the Mortgage's reference to the Note in this case is sufficiently clear and specific to allow incorporation of the Note—a promise to pay—into the Mortgage. The Mortgage was executed between Debtors, as

mortgagors, and Van Grootheest, as mortgagee on October 3, 2008.  The Mortgage provides, in part, that it secures "[t]he **payment of the loan** made by **Mortgagee** to [Debtors] **Matthew D. Daniels and Jackie E. Daniels** evidenced by **a promissory note** . . . in the principal amount of **$82,023.00** with a **due date of July 1, 2038** . . . ." (Ex. 1 at 2) (emphasis added).  That is enough to prove a right to payment, and that Van Grootheest is a proper party in interest.

The Debtors really do not even argue that the copy of the unsigned Note is inaccurate in any way.  They contest only the lack of the original signed document.  The Note contains the following language:

> FOR VALUE RECEIVED, the undersigned, each as principal, jointly and severally, promise(s) to pay to the order of [Van Grootheest] . . . the sum of **Eighty-Two Thousand Twenty-Three and 0/100 [$83,023.00]** DOLLARS with interest thereon from July 1, 2008, payable Monthly at the rate of 7% per cent per annum until payment hereof as follows:
>
> **360 monthly payments** in the amount of $545.70 of principal and interest **commencing on August 1, 2008**, and due in payable on the first of each month thereafter until paid in full.

(Ex. 2) (emphasis added).

Van Grootheest produced a signed copy of the Mortgage. (Ex. 1).  The Mortgage identifies Van Grootheest as the mortgagee, and Debtors as the mortgagors.  (Id.).  The Mortgage also expressly stated that "[t]he provisions of the Obligations are hereby incorporated by reference into this Mortgage as if fully set forth herein." (Ex. 1 at 3 ¶ 4).  The Mortgage's "Obligations" paragraph references

11

a promissory note in the original amount of $82,023.00, bearing a maturity date of July 1, 2038. (Ex. 1 at 2). The unsigned Note Van Grootheest produced reflects an original amount of $82,023.00, identifies Van Grootheest as the lender, and Debtors as the borrowers. (Ex. 2). The Note provides for repayment across 360 months, beginning August 1, 2008. (Id.). It correlates with and is consistent with the Mortgage in all important ways. The Mortgage thus referenced and incorporated all material terms of the Note. Such terms include, among other things, the principal amount, interest rate, repayment, default, and acceleration provisions. By signing the Mortgage—which secured their obligation of repayment under the Note—Debtors manifested a clear intent to be bound by the Note. Thus, Van Grootheest has established his "right to payment" in a variety of different ways.

## IV. Relief from Stay

Section 362(d)(2) of the Bankruptcy Code provides:

(d) On request of a party in interest and after notice and a hearing, **the court shall grant relief** from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
  (1) **for cause**, including the lack of adequate protection of an interest in property of such party in interest; [or]
  (2) **with respect to a stay of an act against property** under subsection (a) of this section, if—
    (A) the **debtor does not have an equity** in such property; and
    (B) such property is **not necessary to an effective reorganization**.

12

11 U.S.C. 362(d) (2020) (emphasis added). The grounds for relief are stated in the disjunctive. As a result, a bankruptcy court must grant relief if the movant **either** proves cause under subsection (1) **or** proves that there is no equity in the property and that it is not necessary for a successful reorganization subsection (2). Martens v. Countrywide Home Loans (In re Martens), 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005).

The evidence supports granting relief under subsection (2). "Equity" is defined as "the difference between the property value and all encumbrances against it." In re Belton Inns, Inc., 71 B.R. 811, 817 (Bankr. S.D. Iowa 1987). Debtors have no equity in the Property. Debtors scheduled the Property with a fair market value of $130,000.00, and scheduled Van Grootheest as the secured creditor. (ECF Doc. 1 at 23, 32). The last payment was received on July 23, 2012. Substantial interest has accrued in the interim. Debtors have not disputed that the balance due exceeded $160,000.00 at the time of the hearing. Debtors filed for Chapter 7 relief. By definition then, the Property is not necessary for an effective reorganization. In re Martens, 331 B.R. at 398. The Court therefore grants relief under section 362(d)(2).

V. **Abandonment**

In addition to seeking relief from the automatic stay, Van Grootheest's Motion asked that the estate's interest in the Property be abandoned. The only

arguments against abandonment related to the statute of frauds. To the extent the issue is still contested—or even necessary for the Court to decide—the Court will order the Trustee to abandon it.

Section 554(b) of the Bankruptcy Code authorizes the Court to "order the trustee to abandon any property from the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b) (2020). "The party seeking abandonment bears the burden of proving the property is either burdensome or of inconsequential benefit and value. The bankruptcy court has the discretion to determine whether the factual predicates for abandonment are present." In re Wait, Ch. 7 Case No. 08-01390, 2010 Bankr. LEXIS 3639, at *4 (Bankr. N.D. Iowa June 24, 2010) (first citing Alexander v. Jensen-Carter, (In re Alexander), 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003); then citing In re Nelson, 251 B.R. 857, 859 (B.A.P. 8th Cir. 2000)). "The party opposing abandonment must demonstrate the likely benefit to the estate of retaining the property." Id.

As noted, there has been no meaningful presentation of evidence by the Debtors or the Trustee of any benefit to the estate of retaining the Property. By contrast, Van Grootheest testified that the Debtors abandoned the Property sometime in 2017, and that it has been "totaled"—that there are holes in the walls and that the pipes have been allowed to freeze. Van Grootheest further testified to

his understanding that the Property has since been sold via tax sale. On the basis of the record, the Court cannot conceive of any circumstance in which the estate realizes a net benefit from retaining the Property. To the contrary, given the fact that the Debtors' interest in the Property is completely encumbered, and with Van Grootheest being entitled to relief from the stay to enforce his interest in the Property, the Court finds that abandonment under section 554(b) is appropriate.

## CONCLUSION

**IT IS HEREBY ORDERED** that Van Grootheest's Motion for Relief from the Automatic Stay is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 362(d)(2), the automatic stay of 11 U.S.C. § 362(a) is terminated with respect to Van Grootheest.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 554(b), the Trustee is directed to abandon his interest in the Property.

Dated and Entered:

October 14, 2021

THAD J. COLLINS,
CHIEF BANKRUPTCY JUDGE